No. 2022-5225

---

In The

# United States Court of Appeals
# for the District of Columbia

---

THE EXCELLENT THE EXCELLENT RAJ K. PATEL,
from all capacities,

*Plaintiff*

v.

THE UNITED STATES, SECRETARY ALEJANDRO MAYORKAS, and UNITED
STATES CITIZENSHIP AND IMMIGRATION SERVICES,

*Defendants.*

---

On Notice of Appeal from the United States District Court for the District of Columbia
in No. 1:22-cv-03302-UNA, Judge Amy Berman Jackson and Judge James E. Boasberg.

---

### *PRO SE* PLAINTIFF-APPELLANT'S BRIEF

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FEB 1 4 2023

RECEIVED

T.E., T.E. Raj K. Patel (*pro se*)
Indiana | Georgia | New Jersey
6850 East 21st Street
Indianapolis, IN 46219
Marion County
rajp2010@gmail.com
www.rajpatel.live
317-450-6651

2,932 words

February 14, 2023

## CERTIFICATE OF INTEREST

I, THE EXCELLENT, THE EXCELLENT Raj K. Patel (pro se), am appearing without counsel. Giving Full Faith to the United States Constitution, I use the Authority of my omnipresent Styles and Office in these proceedings into which I avail myself. U.S. const. art. IV, § 1 & amend. XIV, & art. VI, § 1 referring to the Treaty of Paris (1783) & Paris Peace Treaty – Cong. Proclamation of Jan. 14, 1784.

I have completed five (5) out of the six (6) semesters of my juris dr. candidacy at the U. of Notre Dame L. Sch. in South Bend, IN., where I was enrolled from August 2015 to November 2017, and I have completed sixty-eight (68) out of the ninety (90) credit hours for a juris dr. candidacy at the Notre Dame L. Sch.

Such, I have completed the minimum number of credit hours required by the accrediting Am. B. Ass'n ("A.B.A.") to allow a law school to accredit me a juris dr. degree.

Amongst the grades in my juris dr. academic courses I received at the Notre Dame L. Sch., I received an A-/A in contracts law, an A-/A in civil procedure, and a B/A in constitutional law, while under Weapon S. In the summer of 2016, I worked as summer associate with the City of Atlanta Law Department in Atlanta, GA. In the summer of 2017, I worked as a summer associate at Barnes & Thornburg LLP in Indianapolis, IN.

And, I hold a Bachelor of Arts in Poli. Sci. and *cum laude* in Religion from Emory U., Inc. of Atlanta, Georgia, and I attended both Oxford College and Emory College, and graduated, in 2014, with a 3.718/4.0 grade point average with no pass/fail grades.

Emory U., Inc. is ranked as a top-20 or top-25 *U.S. News* Tier 1 best national university, and the Notre Dame L. Sch. is ranked as a *U.S. News* Top 25 best law school in the United States.

I was Student Body President of the Brownsburg Cmty. Sch. Corp. from 2009-2010 and Student Body President of Emory U., Inc. from 2013-2014. I was also the Notre Dame L. Sch. Student B. Ass'n Rep. to the Ind. State B. Ass'n from September 2017 to November 2017. All jurisdictions are "local" and with an "international" constituency.

Each time I was elected Student Body President, I attained thenceforth omnipresent Styles ("THE EXCELLENT" for each election) which are protected by both the Privileges & Immunities Clause and Privileges or Immunities Clause of the United States Constitution. U.S. const. art. IV, § 2, cl. 1 & amend. XIV, § 1, cl. 2. *See generally* Federalist 80 & *Printz v. United States*, 521 U.S. 898, 918 (1997) quoting *Principality of Monaco v. Mississippi*, 292 U.S. 313, 322 (1934).

I am well read in the material law. I have not received legal advice or counsel from anyone else for this case.

i

## A DISCLOSURE STATEMENT IF REQUIRED BY RULE 26.1

There is no disclosure to make.

## TABLE OF CONTENTS

CERTIFICATE OF INTEREST ...................................................................................................i

A DISCLOSURE STATEMENT IF REQUIRED BY RULE 26.1 .............................................. ii

TABLE OF CONTENTS.............................................................................................................. iii

TABLE OF AUTHORITIES ....................................................................................................... iv

JURISDICTIONAL STATEMENT ........................................................................................... viii

STATEMENT OF ISSUES ........................................................................................................... ix

*PRO SE* PLAINTIFF-APPELLANT'S BRIEF...........................................................................1

    FACTS ......................................................................................................................................2

    RULES ......................................................................................................................................5

    DISCUSSION...........................................................................................................................8

    CONCLUSION........................................................................................................................9

CERTIFICATE OF COMPLAINCE ...........................................................................................A

CERTIFICATE OF SERVICE ...................................................................................................... I

## TABLE OF AUTHORITIES

**Case Law**

13th Reg'l Corp. v. United States Dept. of Interior,
    654 F.2d 758 (D.C. Cir. 1980)...........................................................................7, 8

Adams v. Richardson,
    871 F. Supp. 43 (D.D.C. 1994).........................................................................6, 7

Anderson v. Wiggins,
    460 F. Supp. 2d 1 (D.D.C. 2006)........................................................................7

Arbaugh v. Y & H Corp.,
    126 S.Ct. 1235 (2006)..........................................................................................7

Armour v. Ohio,
    925 F.2d 987 (6th Cir. 1991)...............................................................................7

Austin v. New Hampshire,
    420 U.S. 656 (1975)..............................................................................................1

Bailey v. Patterson,
    369 U.S. 31 (1962)................................................................................................6

Bell v. Hood,
    327 U.S. 678 (1946)..............................................................................................7

Bridges v. California,
    314 U.S. 252 (1941)..........................................................................................7, 8

Christopher v. Harbury,
    536 U.S. 403 (2002)..............................................................................................1

Clark v. United States,
    289 U.S. 1 (1933)..............................................................................................7, 8

Colo. River Water Conservation Dist. v. United States,
    424 U.S. 800 (1976)..............................................................................................5

Crist v. Republic of Turkey,
    995 F. Supp. 5 (D.D.C. 1998)..............................................................................7

E. Trans-Waste of Maryland, Inc. v. Dist. of Columbia,
    No. 05-CV-0032-PLF (D.D.C. Jan. 23, 2006)....................................................5

Erickson v. Pardus,
    551 U.S. 89 (2007)................................................................................................2

iv

Ex parte Poresky,
   290 U.S. 30 (1933)........................................................................................................7

Goosby v. Osser,
   409 U.S. 512 (1973)......................................................................................................7

Hagans v. Lavine,
   415 U.S. 528 (1974)......................................................................................................5

Hollingsworth v. Perry,
   133 S. Ct. 2652 (2013)..................................................................................................2

Honig v. Doe,
   484 U.S. 305 (1988)......................................................................................................4

In re Neagle,
   135 U.S. 1 (1890)..........................................................................................................8

Judd v. Fed. Commc'n Comm'n,
   723 F. Supp. 2d 221 (D.D.C. 2010)............................................................................7

Kerr v. U.S. Dist. Ct.,
   426 U.S. 394 (1976)......................................................................................................8

Lujan v. Defs. of Wildlife,
   504 U.S. 555 (1992)......................................................................................................4

Miller v. Daniels,
   509 F. Supp. 400 (S.D.N.Y. 1981)..............................................................................7

Poindexter v. Greenhow,
   114 U.S. 270 (1884)......................................................................................................2

Police Officers' Guild Nat'l Union of Police Officers v. Washington,
   369 F. Supp. 543 (D.D.C. 1973)..................................................................................6

Reynolds v. Sheet Metal Workers, Local 102,
   702 F.2d 221 (D.C. Cir. 1981)....................................................................................5

Schlagenhauf v. Holder,
   379 U.S. 104 (1964)......................................................................................................8

Silver v. Queen's Hospital,
   53 F.R.D. 223 (D. Haw. 1971).....................................................................................6

The Fair v. Kohler Die & Specialty Co.,
   228 U.S. 22 (1913)........................................................................................................5

U.S. Term Limits, Inc. v. Thornton,
   514 U.S. 779 (1995)......................................................................................................5

United States v. Harris,
        106 U.S. 629 (1883)....................................................................................2

Weisbrod v. Lynn,
        494 F.2d 1101 (D.C. Cir. 1974)..............................................................6

Will v. United States,
        389 U.S. 90 (1967)...................................................................................8

**Constitution**

U.S. const. art. IV, § 2.............................................................................1, 4

U.S. const. art. VI, § 1.................................................................................2

U.S. const. amend. V.................................................................................3, 4

U.S. const. amend. XIV, § 1.....................................................................1, 4

Grievance 20, Decl. of Indep. (1776)........................................................2

**Statute**

28 U.S.C. § 1651....................................................................................1, 8

28 U.S.C. § 2284(a)....................................................................................6

42 U.S.C. § 1981.........................................................................................1

42 U.S.C. § 20000bb et seq.......................................................................1

**Rules**

Fed. R. Civ. P. 8(e)....................................................................................5

Fed. R. Civ. P. 9(c)....................................................................................5

Fed. R. Civ. P. 9(d)....................................................................................5

**Secondary Source**

https://constitution.congress.gov/browse/essay/artIV-S2-C1-
11/ALDE_00013787/.................................................................................1

https://constitution.congress.gov/browse/essay/artIV-S2-C1-
2/ALDE_00013778/.................................................................................2

https://constitution.congress.gov/browse/essay/artIV-S2-C1-

4/ALDE_00013780/....................................................................................................................2

https://www.uscis.gov/about-us/organization/leadership/ur-m-jaddou-director-us-

citizenship-and-immigration-services........................................................................................3

## JURISDICTIONAL STATEMENT

Jurisdiction was proper in the lower court, the United States District Court for the District of Columbia, under Section 1291.  28 U.S.C. § 1291.

Jurisdiction is proper in the United States to the Court of Appeals under Section 1294.  28 U.S.C. § 1294.

## STATEMENT OF ISSUES

1. Did the United States District Court for the District of Columbia abuse its discretion by waiving subject-matter jurisdiction? Dkts. 4 & 7.

2. Did the United States District Court for the District of Columbia in the construction of the complaint violate substantial Due Process, and under Fed. R. Civ. P. 8(e)? Dkts. 4 & 7. U.S. const. amend. V.

3. Whether this Court should issue a writ of mandamus to the United States District Court for the District of Columbia to exercise subject-matter jurisdiction?

# In The United States Court of Appeals
# for the District of Columbia Circuit

THE EXCELLENT THE EXCELLENT
RAJ K. PATEL, from all capacities,

*Plaintiff-Appellant*

v.

THE UNITED STATES, SECRETARY
ALEJANDRO MAYORKAS, and
UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

*Defendants-Appellees*

No. 2022-5225

Dated: February 13, 2023

## *PRO SE* PLAINTIFF-APPELLANT'S BRIEF

I, T.E. T.E. Mr. Raj K. Patel (*pro se*), from the basis of the United States, respectfully move this United States Court of Appeals for the United States Court of Appeals for the District of Columbia Circuit to rectify the unconstitutional harm done to me. U.S. const. amend. V. 42 U.S.C. §§ 1981 & 20000bb et seq.

"The Privileges and Immunities Clause, the First Amendment, the Fifth Amendment, and the Fourteenth Amendment" all independently guarantee right of access to the courts of the United States, including the United States Court of Claims. U.S. const. art. IV, § 2; Id., amends. I, V, & XIV; 42 U.S.C. § 2000bb-3(a); and Christopher v. Harbury, 536 U.S. 403, 415 n. 12 (2002) cited by https://constitution.congress.gov/browse/essay/artIV-S2-C1-11/ALDE_00013787/. The Privileges and Immunities Clause is a carryover from the Old World and the Articles of Confederation, with unchanged meaning, except to form a stronger Union. Austin v. New Hampshire, 420 U.S. 656, 661 (1975) cited

1

by https://constitution.congress.gov/browse/essay/artIV-S2-C1-2/ALDE_00013778/.
Federalist Nos. 42 & 80. Congress has left it up to the judicature to see the enforcement
of these rights, particularly of those protected by the Privileges and Immunities Clause.
U.S. const. art. IV, § 2 and In re Neagle, 135 U.S. 1, 2, 37, 87-88, & 98-99 (1890). United
States v. Harris, 106 U.S. 629, 643-44 (1883) cited by https://constitution.con-
gress.gov/browse/essay/artIV-S2-C1-4/ALDE_00013780/.

To the extent requires, mandamus should issue so the lower court will exercise
subject-matter jurisdiction which is not waivable. 28 U.S.C. § 1651.

The Supreme Court said that pro se documents are to be "liberally construed" and
should be held to "less stringent standards than formal pleadings drafted by lawyers."
Erickson v. Pardus, 551 U.S. 89, 94 (2007). U.S. const. art. VI, § 1 (referring to Grievance
20, Decl. of Indep. (1776)).

I use my Constitutional Privileges, honors, and rights of knowing from my under-
graduate and law school, juris doctor candidacy, educations, and political offices and
from reading law outside of formal schooling for the writing and discussions, arguments,
and motions of these filings, and my presumptions of regularity from my political offices,
*see* Certification of Interest. Hollingsworth v. Perry, 133 S. Ct. 2652, 2667, 2670-72 (U.S.
2013) ("unique legal status").

The case is a part of State affairs from each of my capacities working alone and
together in permutations. Poindexter v. Greenhow, 114 U.S. 270, 290 (1884) ("the distinc-
tion between the government of a State and the State itself is important, and [shall] be
observed.") (underline added) and Id. at 290 ("in common speech,...to say "*L'État c'est
moi.*"").

## FACTS

I.    Raj K. Patel is a natural-born citizen of the United States.

2

II.    Consistent with the facts in the complaint, the immigration officers permit pur-
ported enforceable contracts sponsored immigrants for liability of the new indi-
viduals which create unconstitutional risk of the natural-born Americans of their
kin, including undue burden and appropriation from their inheritance and other
disposable income which would be usable on them but for the immigrants.  The
contract is not enforceable because of public policy: the natural-born kin are par-
ties to the contract and their source of income (even as dependents or inheritance)
burdened.  U.S. const. pmbl. & amend. V.  Current immigration policy shed con-
stitutional equality with the Founding Generation is shed; the Founding Genera-
tion made contracts with only the Maharajas not New Delhi; and the current im-
migration empowers Director Ur M. Jaddou, Director, U.S. Citizenship and Immi-
gration Services, to bring in those who are effectual suicide bombers.
https://www.uscis.gov/about-us/organization/leadership/ur-m-jaddou-direc-
tor-us-citizenship-and-immigration-services.

III.    On Thursday, May 19, 2022, on flight UA3465 (IND to IAD), I was in seat 1A, and
VP Mike Pence was in seat 1B and Second Lady Pence was in 1C. I was on the
flight to go to Georgetown Law Center for my younger brother's full-time 2022
Juris Doctor graduation ceremony. My sunglasses, Oakleys, which were my 2014
Emory University undergraduate graduation token from my parents, got stolen.
Unfortunately, fellow alumni Mark Obama did not attend.  I had to put my car-
ryon bag in economy, and I left my sunglasses on my seat.  When I came back they
were still there.  As I was having difficulty adjusting into my seat and adjusting
my backpack in front of/on my feet, I lightly dropped my sunglasses in the leg
space in front of me.  Towards the mid-end of the flight, I asked the flight attendant
if he knew where my glasses were.  He facetiously and whimsically looked around

3

and walked the isle, and he said he does not see them. The flight attendant did not make a lost and found announcement, which I have heard on domestic flights before. As I have sued Vice President Pence, because his honor was Vice President, and because I was a 2015 intern for the Indiana Senate Democrats -- Tax & Fiscal Policy Intern and I have a picture with his honor as Governor (also, I was 150lbs then in 2015…and 380lbs in May 2022 because of the ringing stress weapon), for the matters I am in the Court of Federal Claim, I don't know if his honor knows it was me. I was hoping you can recover my sunglasses. U.S. const. art. IV, §§ 1-2 & amend. XIV, § 1.

IV.    Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," Honig v. Doe, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). In order to satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact— an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. Id. at 560– 61 (alterations, internal quotation marks, and citations omitted). Dkt. 4 at 2.

V.    I informed Robert Keipura -

    A.  Just Compensation – $10,000.00; 28 U.S.C. § 1346(a)(2); U.S. const. amend. V.

    B.  Undue Burden on Religion

    C.  Extreme Emotional Distress

4

D.  Parasitic Damages

E.  Restitution

F.  Breach of Good Faith & Fair Dealing

G.  Humiliation

H.  Harassment

I.  Trespass to Chattel

J.  Conversion

K.  Conspiracy

L.  Conspiracy -- RICO

## RULES

"Pleadings must be construed so as to do [substantial] justice." Fed. R. Civ. P. 8(e). See also Id. 9(c) ("Conditions Precedent. In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity."). See also Id. 9(d) ("Official Document or Act. In pleading an official document or official act, it suffices to allege that the document was legally issued or the act legally done.").

"The government of the Union, then,...is, emphatically, and truly, a government of the people. In form and in substance it emanates from them. Its powers are granted by them, and are to be exercised directly on them, and for their benefit." U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779, 840 (1995).

"Federal courts have a 'virtually unflagging obligation...to exercise the jurisdiction given them.'" E. Trans-Waste of Maryland, Inc. v. Dist. of Columbia, No. 05-CV-0032-PLF * 3 (D.D.C. Jan. 23, 2006) (citing Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

"Jurisdiction is authority to decide the case either way. Unsuccessful as well as successful suits may be brought...[I]f the plaintiff really makes a substantial claim under an act of Congress there is jurisdiction whether the claim ultimately be held good or bad." Reynolds v. Sheet Metal Workers, Local 102, 702 F.2d 221, 224 (D.C. Cir. 1981) (quoting The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) (Holmes, J.) and see Hagans v. Lavine, 415 U.S. 528, 536-43, 94 S.Ct. 1372, 1378-82, 39 L.Ed.2d 577 (1974)). Some of jurisdiction has been elaborated and categorized into subject-matter jurisdiction and personal jurisdiction. Unlike the latter, subject-matter jurisdiction may not be waived. In addition to the separate and independent standing under the pleaded injury under § 1981 and § 2000bb-3(a), I have standing under license of contract by holding a privilege monitored by Director Ur M. Jaddou. 42 U.S.C. §§ 1981 & 2000bb et seq.

The claim is substantial when the claimant has "a substantial likelihood of success on the merits, that they were faced with irreparable injury, and that neither the public interest nor the magnitude of inconvenience weighed against granting relief." Reynolds, 702 F.2d at 225 & 223 and 42 U.S.C. § 1981.

"In determining whether to request the Chief Judge of the Circuit to convene a three-judge court, a single judge has the authority to decide whether the complaint states a 'substantial' constitutional claim. Adams v. Richardson, 871 F. Supp. 43, 45 (D.D.C. 1994) (citing Police Officers' Guild Nat'l Union of Police Officers v. Washington, 369 F. Supp. 543, 548-49 (D.D.C. 1973); Silver v. Queen's Hospital, 53 F.R.D. 223, 225 (D. Haw. 1971)); see 28 U.S.C. § 2284(a). A three-judge court is not required if the constitutional claim is 'wholly insubstantial,' 'frivolous,' or 'essentially fictitious.' Weisbrod v. Lynn, 494 F.2d 1101, 1102 (D.C. Cir. 1974) (citing Bailey v. Patterson, 369 U.S. 31, 33 (1962)). A claim is insubstantial if it is obviously without merit or clearly determined by previous

6

case law. See Adams v. Richardson, 871 F. Supp. at 45 (citing Goosby v. Osser, 409 U.S. 512, 518 (1973); Ex parte Poresky, 290 U.S. 30, 32 (1933); Armour v. Ohio, 925 F.2d 987, 989 (6th Cir. 1991)). A single judge 'has an obligation to examine the complaint to determine whether it states a substantial claim' before burdening two other judges by requesting a three judge court to consider an insubstantial or frivolous claim." Judd v. Fed. Commc'n Comm'n, 723 F. Supp. 2d 221, 223 (D.D.C. 2010) (citing Adams v. Richardson, 871 F. Supp. at 45 and see also Miller v. Daniels, 509 F. Supp. 400, 405 (S.D.N.Y. 1981) (cleaned up).

"A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." Anderson v. Wiggins, 460 F. Supp. 2d 1, 7 (D.D.C. 2006). Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1244 (2006) (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)). A claim invoking federal-question jurisdiction, however, "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 1244 n. 10 (quoting Bell, 327 U.S. at 682-83). Furthermore, the Supreme Court has been clear that:

> Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. Cnty. of Oneida, 414 U.S. 661, 666 (1974)).

Anderson, 460 F. Supp. 2d at 7. "It is an abuse of discretion to dismiss for lack of subject matter jurisdiction without giving plaintiff reasonable opportunity, if requested, to conduct discovery for this purpose." Crist v. Republic of Turkey, 995 F. Supp. 5, 12 (D.D.C. 1998).

"For 'the recognition of a privilege does not mean that it is without conditions or exceptions. The social policy that will prevail in many situations may run foul in others of a different social policy, competing for supremacy. It is then the function of a court to mediate between them, assigning, so far as possible, a proper value to each, and summoning to its aid all the distinctions and analogies that are the tools of the judicial process.' Clark v. United States, 289 U.S. 1, 13 (1933)." Bridges v. California, 314 U.S. 252, 282 (1941).

This United States Court of Appeals for the District of Columbia Circuit "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction." 28 U.S.C. § 1651(b). And, mandamus must be sought with "reasonable promptness." 13th Reg'l Corp. v. United States Dept. of Interior, 654 F.2d 758, 763 (D.C. Cir. 1980). This Court of Appeals may also issue "supervisor mandamus." In re Roberts, 846 F.2d at 1365 citing Schlagenhauf v. Holder, 379 U.S. 104 (1964), Will v. United States, 389 U.S. 90 (1967), and Kerr v. U.S. Dist. Ct., 426 U.S. 394 (1976).

## DISCUSSION

The allegations are non-frivolous and clearly not baseless and objectively reasonably substantial and warranted for subject-matter jurisdiction. "It is an abuse of discretion to dismiss for lack of subject matter jurisdiction without giving plaintiff reasonable opportunity, if requested, to conduct discovery for this purpose." Crist, 995 F. Supp. at 12.

Plaintiff-Appellant requested reasonable opportunity to challenge and find unconstitutional current immigration in the complaint. Dkt. 1 at 15 ("Hold all immigration files of my kin, until the resolution of this case."). To the extent that Plaintiff-Appellant did not satisfactory issue to conduct discovery and other matters to try the case, this filing

8

intended to communicate a notice to prosecution. The Defendant and Director Ur M. Jaddou have been lawfully served.

Therefore, the Court should reverse and remand with instructions to exercise subject-matter jurisdiction.

## CONCLUSION

Reverse and remand.

Respectfully submitted,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

J.D. Candidate, Notre Dame L. Sch.
President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corporate sovereign 2013-present)
Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corporate sovereign 2009-present)
Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017
Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009
Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010
Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012
Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. for the St. of Ind. 2014

## CERTIFICATE OF COMPLAINCE

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because the filing has been prepared using a proportionally-spaced typeface and includes 2,932 words.  Fed. R. App. P. 21(d)(1).

Respectfully submitted,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

Dated: Febraury 13, 2023

A

## CERTIFICATE OF SERVICE

The service has been made by via e-mail and USPS mail:

**THE HONORABLE ELAINE KAPLAN, CHIEF JUDGE [RCFC 77]**
**THE UNITED STATES COURT OF FEDERAL CLAIMS**
Howard T. Markey National Courts Building
717 Madison Place, NW
Washington, DC 20439
202-357-6500
ProSe_case_filings@cfc.uscourts.gov

**THE HONORABLE LOREN A. SMITH, SENIOR JUDGE [RCFC 77]**
**THE UNITED STATES COURT OF FEDERAL CLAIMS**
Howard T. Markey National Courts Building
717 Madison Place, NW
Washington, DC 20439
202-357-6400
ProSe_case_filings@cfc.uscourts.gov

**CLERK OF COURT [RCFC 77]**
**THE UNITED STATES COURT OF FEDERAL CLAIMS**
Howard T. Markey National Courts Building
717 Madison Place, NW
Washington, DC 20439
202-357-6400
ProSe_case_filings@cfc.uscourts.gov

Dated: February 13, 2023

Respectfully submitted,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

I



See how FedEx connects the world in responsible
and resourceful ways at **earthsmart.fedex.com**
Join our efforts by recycling this FedEx bag.
© 2017 FedEx 820001 REV 5/17

Part # 156297-435  RRDB2  EXP 12/23

**FedEx** 
Office

1245 WASHINGTON DC MASS
650 MASSACHUSETTS AVE NW STE
105
WASHINGTON, DC  20001

**13**

**DC COURT**
**DC CIR CLERK OF COUR**
**333 CONSTITUTION AVE.,**
**N**
**WASHINGTON, DC  20001**
**(202) 216-7000**

Special Instructions: WEBINFORMATION@CADC.USCOURTS.GOV
2022167000

FXO58996036173058996036173308



1 of 1   OTP # 1245028HY1

Commit: 02/14 05:00 PM

TRK # 589960361730

Mstr # 589960361730



FEB 1 4 2023

SCREENED BY
U.S. MARSHALS

**FedEx** Office® 


*Washington DC Massachusetts Av Node # 1245*
*(202) 682-0349 fax (202) 682-0802*
☎ **CALL WHEN DONE** ☐


1245-028HY-1

*DC Cir Clerk of Court*

**202.216.7000**
**BIN#** **Delivery**

**PIECES**
**1 of 1**

Print it.
Pack it.
Ship it.
Get it.

